SM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Aaron Turner,<br>　　　　Plaintiff,<br>v.<br>Phillip Smith, et al.,<br>　　　　Defendants. | No. CV 22-01827-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff Michael Aaron Turner, who was previously confined in the Maricopa County Fourth Avenue Jail,[1] brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Pascua has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). (Doc. 27.)  Also before the Court is the Report and Recommendation (R&R) of Magistrate Judge Deborah M. Fine recommending that the Court dismiss this action without prejudice based on Plaintiff's failure to prosecute and failure to notify the Court of his change of address. (Doc. 29.)

　　　　The Court will adopt the R&R and dismiss the action without prejudice. The Court will deny Defendant Pascua's Motion to Dismiss as moot.

. . .

. . .

. . .

---

[1] Plaintiff has since been released from Maricopa County Sheriff's Office custody. (*See* Docs. 21, 26, 30.)

**I.     Background**

Upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated excessive force claims against Defendants Phoenix Police Officers Smith and Goduto, Phoenix Police Sergeant Mills, Registered Nurse Pascua, and Doctors Tomlinson and Bate. (Doc. 5.) The Court directed Defendants to answer the respective claims against them and dismissed the remaining claims. (*Id.*)

On February 27, 2023, the Court's February 21, 2023, Scheduling Order (Doc. 15) was returned as undeliverable as to Plaintiff. (Doc. 21.) On March 3, 2023, upon motion by Defendant Goduto (Doc. 23), the Court ordered Plaintiff to show cause as to why this matter should not be dismissed for Plaintiff's failure to timely file a notice of change of address. (Doc. 24.) That same day, mail sent to Plaintiff from this Court was returned as undeliverable for a second time. (Doc. 26.) On March 20, 2023, the Court issued an Order informing Plaintiff of his rights and obligations to respond to Defendant Pascua's Motion to Dismiss (Doc. 28), and this Order was returned as undeliverable on March 27, 2023 (Doc. 30).

To date, Plaintiff has not filed a notice of change of address, nor has Plaintiff shown cause for his failure to file a timely notice of change of address despite being warned about the possibility of dismissal for failure to comply with the Court's orders. (Doc. 5 at 8–9 (warning that failure to file a change of address or comply with the Court's orders may result in dismissal); Doc. 24 at 4 (warning that failure to file a notice of change of address may result in dismissal).)

**II.    Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia,* this Court concludes that *de novo* review

of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

On March 28, 2023, the Magistrate Judge recommended dismissing this action without prejudice due to Plaintiff's failure to prosecute and failure to notify the Court of his change of address. (Doc. 29.) Neither party filed objections to the R&R. The Court is therefore not obligated to review the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). Even so, the Court has reviewed Judge Fine's R&R and incorporates and adopts it. Accordingly, the action is dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Report and Recommendation (Doc. 29) is **adopted**, and the action is **dismissed without prejudice** for failure to prosecute and failure to comply with the Court's orders.

(2) Defendant Pascua's Motion to Dismiss (Doc. 27) is **denied as moot**.

. . .

. . .

. . .

. . .

(3) The Clerk of Court shall enter judgment accordingly and terminate the action.

Dated this 12th day of April, 2023.

*David G. Campbell*

David G. Campbell
Senior United States District Judge